IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, | § | |
| INC. PINNACLE HIP IMPLANT | § | MDL Docket No. |
| PRODUCTS LIABILITY | § | |
| LITIGATION | § | 3:11-MD-2244-K |
| | § | |
| ------------------------------------------------------ | § | |
| This Order Relates To: | § | |
| | § | |
| *Russell v. DePuy Orthopaedics, Inc., et al.* | § | |
| No. 3:13-cv-03518-K | § | |
| | § | |
| ------------------------------------------------------ | § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL COMPLIANCE PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 45**

Before this Court is Plaintiff's Motion to Compel Compliance Pursuant to Federal

Rule of Civil Procedure 45.  For the reasons stated herein, the motion is GRANTED.

**Factual and Procedural Background**

This case is one of over 6,000 cases assigned to this Court by the Judicial Panel

on Multidistrict Litigation.  The actions in this MDL involve the Pinnacle Acetabular

Cup System hip implants ("Pinnacle Device") manufactured by DePuy Orthopaedics,

Inc. ("DePuy"), including DePuy's design, development, manufacture, and distribution

of the Pinnacle Device. According to DePuy, the Pinnacle Device was developed to

replace diseased hip joints and was intended to remedy conditions such as osteoarthritis,

rheumatoid arthritis, avascular necrosis, or fracture and to provide patients with pain-

free natural motion over a longer period of time than other hip replacement devices.  In

this action, Plaintiff alleges that she was implanted with the metal-on-metal Pinnacle Device.  On October 25, 2013, Plaintiff underwent a surgical procedure to remove her Pinnacle Device at Swedish Medical Center ("Swedish") in Seattle, Washington.

Swedish states its policy is to treat hip explants as medical waste and dispose of them accordingly.  Beginning on October 16, 2013, counsel for Plaintiff attempted a series of communications with Rhonda Perna, senior risk manager for Swedish Health Services, to request that Plaintiff's hip explant be preserved as important evidence in Plaintiff's product liability case.  Plaintiff's counsel requested that a third party company, Cellnetix, pick up the explant and deliver it to Plaintiff's storage facility, Steelgate.

On March 4, 2014, the Court conducted a hearing on the Plaintiff's motion.  The evidence presented in the parties' papers and at the hearing establishes that Plaintiff's counsel attempted to contact Ms. Perna via phone or E-mail on October 16, 17, 18, 21, and 24, 2013, with no meaningful response.  Finally on October 24, 2013, Ms. Perna responded that she had not received any previous communications from Plaintiff's counsel regarding this matter and that the fee for preserving the hip explant would be $1000.

On October 25, 2013, the day of Plaintiff's surgery, Plaintiff's counsel sent written communication to Ms. Perna addressing her refusal to acknowledge all of his previous communications and disputing the $1000 fee.  Plaintiff's counsel did not hear from Ms. Perna for three weeks after Plaintiff's surgery.  On November 19, Plaintiff's

counsel sent an E-mail to Ms. Perna attempting to resolve the issue of the $1000 charge. Ms. Perna responded on November 25, refusing again to acknowledge receipt of any previous preservation request and attaching an invoice for $1000. That same day, Plaintiff's counsel responded by again providing Ms. Perna with requested paperwork (which had previously been provided but apparently misplaced by Ms. Perna) and disputing that the $1000 fee was fair or reasonable. Ms. Perna responded that Plaintiff's counsel was not entitled to dispute the reasonableness of Swedish's fee.

As a result of Ms. Perna's non-responsive behavior, Plaintiff served a subpoena on December 19, 2013, requesting that Ms. Perna produce Plaintiff's hip explant via postage paid shipment kit by 5:00 p.m. on December 27, 2013. On December 27, 2013, Ms. Perna informally objected to the subpoena, contending among other things, that Swedish was entitled to its $1000 fee. Plaintiff's counsel responded by encouraging her to speak to an attorney and giving her an extension to comply with the subpoena until January 2, 2014. Ms. Perna, a licensed attorney herself, responded to Plaintiff's counsel by leaving a voice mail message on December 31, 2013, stating:

> Once you pay the fee and once we have the authorizations, it will be released. And if we don't receive those within thirty days we will destroy or maybe we will just contact Alyse Russell directly to let her know that you are unwilling to pay the fee.

On January 2, 2014, Swedish's counsel served written objections to the subpoena.

Plaintiff filed her Motion to Compel Compliance Pursuant to Federal Rule of Civil Procedure 45. At the March 4, 2014, hearing, Swedish's counsel appeared with Plaintiff's hip explant in a box. Recent amendments to rule 45 became effective

December 1, 2013–between when the subpoena was served and when objections were made. Although Swedish made several procedural arguments regarding service of the subpoena and whether a federal district court in Washington state was the proper forum to consider this dispute, Swedish's counsel waived those arguments at the hearing and requested this Court rule on the disputes between the parties. After hearing arguments, this Court ordered Swedish's counsel to turn over the hip explant to Plaintiff's counsel, which she did. Accordingly, Swedish's objections to the subpoena are moot, and the only issue to decide on the motion to compel is whether Swedish is entitled to the $1000 fee and reasonable attorney's fees.

### There is no Evidence that Swedish has been Unduly Burdened or Incurred Expenses in the Production of Plaintiff's Hip Explant

Rule 45(d)(1) provides:

> *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court . . . must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FED. R. CIV. P. 45(d)(1). The subpoena requested that Swedish preserve Plaintiff's hip explant and place it in a pre-paid postage mailing kit and drop it in the mail. Swedish, however, refused to do so because it had not been paid its $1000 charge for preservation of the explant. Plaintiff's counsel on numerous occasions disputed and requested justification for Swedish's $1000 charge to no avail. Plaintiff's counsel has been willing

to pay what he believes to be a reasonable fee such as the $30 charged by Cellnetix to preserve and transport hip explants to Steelgate, but Swedish has not provided to Plaintiff's counsel or this Court proof of any expense it incurred in complying with the subpoena. Instead, Swedish remains firm that its charge for such service is a flat $1000. The evidence at the hearing on the motion to compel, however, indicated that 80% to 90% of hospitals charge nothing for this service and that the ones that do charge usually charge a nominal fee such as the one charged by Cellnetix. Swedish did not object to this evidence or provide any evidence of its own to support its $1000 charge. Accordingly, this Court finds that Plaintiff took reasonable steps to avoid imposing undue burden or expense on Swedish in producing the hip implant under the subpoena and that there is no evidence to justify the imposition of sanctions under rule 45(d)(1) by making Plaintiff pay an unsubstantiated $1000 charge.

The cases relied upon by Swedish in support of its claim for payment of the $1000 charge are inapposite. Those cases involved a medical provider's production and copying of medical records in which there were significant expenses for making copies of the records. In this case, there is no evidence that Swedish incurred any such expense. If fact, Swedish did not even have to incur postage expense to mail the hip explant because Plaintiff provided a pre-paid postage mailing kit.

**An Award of Attorney's Fees is not Warranted in this Case**

In its response and at the hearing on the motion to compel, Swedish requested that it be awarded its reasonable attorney's fees. Swedish, however, presented no evidence of the attorney's fees it incurred in connection with the subpoena and motion to compel. The evidence at the hearing did show that, in fact, it was Swedish's non-responsive, uncooperative, unethical, and threatening behavior that caused all the parties in this case to incur unnecessary attorney's fees to retrieve what rightfully belonged to Plaintiff—her hip explant—and what is important evidence in this case. Accordingly, this Court finds that Swedish is not entitled to an award of attorney's fees.

**Conclusion**

Pursuant to rule 45 of the Federal Rules of Civil Procedure, it is ORDERED that Plaintiff's motion to compel is GRANTED and that Swedish's request for payment of the $1000 fee and reasonable attorney's fees is DENIED.

**SO ORDERED.**

Signed July 18, 2014.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE